**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 22 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALBERT EDENSHAW, | No. 18-35095 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-00011-SLG |
| v. | |
| NMS SECURITY, a Corporation; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, District Judge, Presiding

Submitted August 15, 2018[**]

Before:    FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

Albert Edenshaw appeals pro se from the district court's judgment

dismissing his 42 U.S.C. §§ 1983 and 1985(3) action arising from his arrest. We

have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28

U.S.C. § 1915A. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012). We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

affirm.

The district court properly dismissed Edenshaw's § 1983 conspiracy claims against the Anchorage Community Development Authority, the Anchorage Police Department and NMS Security because Edenshaw failed to allege facts sufficient show that these entities conspired between and among themselves to violate Edenshaw's constitutional rights. *See Fonda v. Gray*, 707 F.2d 435, 438 (9th Cir. 1983) ("To prove a conspiracy between private parties and the government under § 1983, an agreement or 'meeting of the minds' to violate constitutional rights must be shown." (citation omitted)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)).

The district court properly dismissed Edenshaw's false arrest claim because Edenshaw failed to allege facts sufficient to show that he was arrested without probable cause. *See Lacey v. Maricopa County*, 693 F.3d 896, 911 (9th Cir. 2012) (en banc) ("To maintain an action for false arrest, [plaintiff] must plead facts that would show [defendant ordered] or otherwise procured the arrests and the arrests were without probable cause."); *see also Iqbal*, 556 U.S. at 678.

**AFFIRMED.**

18-35095